**Rule 906.  Service of Notice of Appeal.**

(a) *General rule.*  Concurrently with the filing of the notice of appeal under **[Rule 905 (filing of notice of appeal)]** Pa.R.A.P. 905, the appellant shall serve copies thereof, and of any **[order]** request for transcript, and copies of a proof of service showing compliance with this rule, upon:

(1) All parties to the matter in the trial court including parties previously dismissed pursuant to an interlocutory order unless; (i) the interlocutory order of dismissal was reviewed by an appellate court and affirmed; or (ii) the interlocutory order of dismissal was made final under **[Rule 341(c)]** Pa.R.A.P. 341(c) and no party appealed from that date;

(2)  The judge of the court below, whether or not the reasons for the order appealed from already appear of record;

(3)  The official court reporter of the trial court, whether or not **[an order]** a request for transcript accompanies the papers; and

(4) The district court administrator or other person designated by the administrator pursuant to Rule **[5000.5(a)(3)]** 4007(B)(3) of the Pennsylvania Rules of Judicial Administration **[(requests and orders for transcripts)]**.

(b) *Appeals to the Supreme Court.*  In addition to the requirements of **[subdivision]** paragraph (a), the appellant shall serve copies of the jurisdictional statement required by **[Rule 909]** Pa.R.A.P. 909 upon all parties to the matter in the trial court.  The proof of service shall show compliance with this **[subdivision]** paragraph.

Official Note:   **[See Rule 908 (Parties on Appeal)]** *See* Pa.R.A.P. 908.

\*        \*        \*

**Rule 1911.  Request for Transcript.**

(a) *General rule*.  The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules **[5000.1 et seq.]** **4001 *et seq.*** of the Pennsylvania Rules of Judicial Administration **[(court reporters)]**.

(b) *Cross-appeals*.  Where a cross-appeal has been taken the cross-appellant shall also have a duty to pay for and cause the transcript to be filed and shall share the initial expense equally with all other appellants.

(c) *Form*.  The **[order]** **request** for transcript may be endorsed on, incorporated into or attached to the notice of appeal or other document and shall be in substantially the following form:

[Caption]

A (notice of appeal) (petition for review) (other appellate paper, as appropriate) having been filed in this matter, the official court reporter is hereby **[ordered]** **requested** to produce, certify and file the transcript in this matter in conformity with Rule 1922 of the Pennsylvania Rules of Appellate Procedure.

_____
Signature

(d) *Effect of failure to comply*.  If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal.

Official Note:  **[The 1997 amendment changes the word ''order'' to ''request'' in order to clarify that an order of court is not necessary.  See Pa.R.J.A. 5000.5 and 1997 amendment to Rule 904(c).  If a request for a transcript on appeal is made in open court the appellant must nevertheless prepare and serve a written order for transcript, so that the district court administrator and the appellate court are aware of the order.  Local rules contemplated by Pa.R.J.A. 5000.6 should be consulted as to the officer or other person who is to receive and hold any security deposit (up to one-half the estimated charge) required by the court reporter.  It is the responsibility of the appellant to contact the court reporter to ascertain whether a deposit will be required and the amount thereof, and to make the deposit.  The court reporter is under no obligation to proceed in the absence of a required deposit, and under Pa.R.J.A. 5000.11(b) is under no obligation to certify and file the transcript in the absence of full payment or adequate security**

therefor.  While delay in payment, and any resulting delay in certification and filing of the transcript, does not automatically affect the validity of the appeal, under Subdivision (d) the appellate court may impose other sanctions in an appropriate case.  Compare Rule 902 (manner of taking appeal) and Rule 2101 (conformance with requirements).  This rule and Rule 1922 are ''another arrangement for delivery'' under Pa.R.J.A. 5000.11(a), since it is undesirable for the official appellate transcript to pass outside of the control of court officials.]

**For the Uniform Rules Governing Court Reporting and Transcripts, see Pa.R.J.A. No. 4001-4016.  Local rules should also be consulted as to deposit requirements, fees, and additional procedures.**